THE STATE OF OHIO, APPELLEE, *v.*
COOMER, APPELLANT.

(No. CA84-04-025—Decided
October 9, 1984.)

*James L. Flannery,* prosecuting attorney, for appellee.
*William G. Fowler,* for appellant.

JONES, J. On March 6, 1984, appellant, Lonnie Coomer, was convicted by a jury of aggravated arson, contrary to R.C. 2909.02(A), and was thereafter sentenced for a period of not less than eight nor more than twenty-five years in the Ohio State Penitentiary. Appellant was indicted as the result of an arson fire which occurred October 2, 1983, involving a two-story frame residence located on Mill Street in the village of Morrow, Warren County, Ohio. The evidence adduced at trial revealed the appellant to be a rather inept arsonist who signaled his intention to commit arson well in advance of the fire.

Appellant had rented the first floor of the dwelling several months prior to the fire, but was no longer residing there when the building burned. Although appellant was not paying the agreed rental to the owner of the property, appellant sublet the premises to another nonpaying tenant, and moved out of the building at least one month prior to the fire. Although appellant left a few items of personal property in the building when he moved out, his testimony at the hearing on the motion to suppress indicates that he very clearly abandoned anything he left on the premises as having no value. Appellant counseled the new occupant of the apartment, as well as an occupant of an upstairs apartment, to purchase renter's insurance on their household furnishings, with the explanation that he intended to burn down the house. There was testimony that appellant expected to receive a portion of the insurance proceeds. Additionally, appellant told the occupants of the property that he intended to burn the house on Sunday, October 2, 1983, and instructed them to be away from the premises, but to advise appellant's brother when they left. The fire was started with the use of a kerosene accelerant, and appellant was observed walking away from the fire area by a Morrow police officer shortly after the fire started. A search warrant was obtained for the purpose of securing and examining articles of clothing which appellant was wearing on the night of the fire, and traces of kerosene were found on appellant's clothing. Various evidentiary items were also obtained from the scene of the fire further incriminating appellant. Appellant filed a motion to suppress the evidence collected at the scene of the fire, and such motion was overruled. For his sole assignment of error, appellant argues that the court erred when it overruled the motion to suppress for use as evidence the items collected at the scene of the fire. The assignment of error has no merit.

It is clear that the fire-damaged premises were searched without a warrant and without consent of the appellant or the owner. The items obtained

in the search enabled the state to show that the cause of the fire was arson and that the accelerant used was kerosene. Appellant claims that by virtue of his tenancy, his Fourth Amendment rights against search and seizure were violated. As support for his position, appellant cites *Michigan* v. *Clifford* (1984), 78 L.Ed.2d 477, wherein the Supreme Court held that the search of a home by fire investigators without consent and without a warrant violated that defendant's rights under the Fourth and Fourteenth Amendments. In that case, the fire-damaged home was searched approximately seven hours after the fire, and the court held that the owners had, by virtue of their ownership, a reasonable expectation of privacy in the premises so that the search of the premises was subject to the warrant requirement of the Fourth Amendment. The facts in *Michigan, supra,* are distinguishable from the facts in the case at bar. Unlike the fire officials in *Michigan, supra,* the fire fighters in this case had not yet left the scene of the fire prior to taking evidentiary samples at the scene. In *Michigan, supra,* the arson investigators returned to the scene of the fire some seven hours after the fire had been extinguished. At that time, the Michigan fire fighters found a work crew boarding up the house and pumping water out of the basement. Because the reentry of fire investigators took place seven hours after all fire officials had left the scene and because the home owners had already taken steps to retain reasonable privacy by boarding up the premises, the court held that a warrant should have been obtained prior to conducting a search of the premises. Significantly, however, the court in *Michigan, supra,* held that the fuel cans seized in the basement by fire fighters during their original entry in the premises, constituted admissible evidence at trial.

In the case at bar, the fire scene had not been abandoned prior to the routine gathering of samples by the arson task force. The samples were collected during the course of their duties as firemen, to determine the origin of the fire, and not for the express purpose of gathering evidence of criminal activities. The gathering of evidence, therefore, constituted a continuing duty imposed upon them as fire fighters following a lawful entry upon the premises, and did not constitute a post-fire investigation or reentry for the purpose of obtaining criminal evidence. In short, the United States Supreme Court has specifically distinguished between situations where evidence is seized upon reentering fire-damaged premises after fire fighters have left the scene, and those situations where evidentiary items are taken routinely as part of the fire fighter's duty to extinguish the fire and determine its origin. For these reasons, we find that the collection of evidence from the fire scene, prior to the fire fighters' leaving the premises, did not constitute an illegal search and seizure, and the trial court properly overruled appellant's motion to suppress such evidence.

We further find that the trial court was correct because the appellant had no possessory interest in the items seized, and no legitimate expectation of privacy in the premises, therefore he lacked standing to suppress evidentiary items taken therefrom. It is clear that an accused must have "standing" to object to a search such as the one in question. He must have some lawful interest in the premises searched or the property seized, unless the evidence was seized from his person. In the case at bar, the items seized from his person were taken pursuant to a warrant, and such has not been assigned as error. With respect to the items taken at the scene, it is clear that appellant no longer lived on the premises and that he intentionally abandoned any personal property he left

thereon as being "junk" and "no good" to him. Appellant therefore retained no possessory or property interest in the premises or the items seized.

The sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and BROGAN, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Twelfth Appellate District.